UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **SANTOS CRUZ PEREZ-MENDEZ ET AL** | CASE NO. 1:20-CV-00619 SEC P |
| **VERSUS** | JUDGE DRELL |
| **HEIDI STIRRUP ET AL** | MAGISTRATE JUDGE PEREZ-MONTES |

O R D E R

Before the court is a petition for a temporary restraining order and preliminary injunction filed on behalf of petitioner R.M.P.M. by her brother, Santos Cruz Perez-Mendez and sister, Irma Judith Perez-Mendez. (Doc. 2).

A preliminary injunction is an "extraordinary remedy" and should only be granted when the movant has carried the burden of persuasion as to all four elements of proof: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the grant of injunctive relief will not disserve the public interest. Ridgely v. Federal Emergency Management Agency, 512 F.3d 727, 734 (5th Cir. 2008); Mississippi Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985). The movant's failure to meet this burden as to any element relieves the court of its obligation to address any remaining elements. Roho, Inc. v. Marquis, 902 F.2d 356, 361 (5th Cir. 1990). The standards applicable to temporary restraining orders are substantially similar to those enumerated above, applicable to preliminary injunctive relief. Fed. R. Civ. P. 65; Cockrum v. Carter, 2014 WL 1330185 (E.D. La. 2014).

The instant case presents a regrettable fact pattern but discloses a failure by the movants to satisfy the court that success on the merits is likely. Our review of the ruling by the immigration

1

court, dated April 24, 2020, leads us to conclude that, although our sympathies lie with the movants, the result is correct under applicable law. R.M.P.M.'s mother, acting as her guardian, was served with the immigration paperwork that included the notice to appear ("NTA") that required both R.M.P.M. and her mother to appear at the hearing on or about October 3, 2019. As her guardian, her mother bore the responsibility for ensuring her presence at that hearing. INA § 239(a)(1); Perez-Suarez v. Lynch, 630 Fed. Appx. 97, 100 (2d Cir. 2015); Nolasco v. Holder, 637 F.3d 159, 164 (2d Cir. 2011). Again, the court finds her mother's actions in failing to ensure their appearance to be most unfortunate, especially in light of the necessary consequence to petitioner.

Given our finding R.M.P.M. is not entitled to reopening of her case under applicable law, we also find that movants' arguments as to delayed reunification under the Flores settlement are MOOT and we decline to grant relief based thereon. The court also finds, based on our agreement with the findings of the immigration court before us, that movants fail to show a denial of due process under the Fifth Amendment to the United States Constitution. The motion is, therefore, DENIED in all respects.

THUS DONE AND SIGNED at Alexandria, Louisiana this 15 day of May, 2020.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT